UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHRISTOPHER HOWARD, #478574,

                Petitioner,

                                         Case Number 1:06-CV-14272
v.                                    Honorable Thomas L. Ludington

KURT JONES,

                Respondent.
_____/

### ORDER DENYING MOTION TO ALTER OR AMEND THE JUDGMENT

In 2006, Petitioner Christopher Howard filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state court conviction for first-degree murder, Mich. Comp. Laws § 750.316(a). Following his conviction, Petitioner was sentenced to life imprisonment without parole.

In his petition, Petitioner raised claims concerning the sufficiency of the evidence, the admission of certain evidence, the conduct of the prosecutor, his actual innocence based upon "newly-discovered" medical records, and the effectiveness of his counsel. On May 31, 2012, the Court denied the petition. The Court concluded that one of Petitioner's claims was procedurally defaulted and the remainder of the claims lacked merit. The Court also denied a certificate of appealability and denied leave to proceed in forma pauperis on appeal.

Petitioner timely moved to alter or amend the judgment brought pursuant to Federal Rule of Civil Procedure 59(e). Petitioner asserts that the Court erred by ruling that: (1) sufficient evidence was presented to support his first-degree murder conviction; (2) his medical records were not newly-discovered; (3) he first raised the issue of ineffective assistance of appellate counsel on appeal on collateral review; and (4) the issue of ineffective assistance of counsel was defaulted and could not

serve as cause to excuse the procedural default of one of his ineffective assistance of trial counsel claims.

"A motion to alter or amend a judgment," Rule 59(e) provides, "must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). In evaluating a motion to alter or amend the judgment pursuant to Rule 59(e), this Court may properly look to Local Rule 7.1. *Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999). Local Rule 7.1, in turn, provides that "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3); *see Czajkowski v. Tindall & Assoc., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997).

Here, Petitioner does not demonstrate a palpable defect by which the Court has been misled, but rather presents the same issues previously ruled upon by the Court. Regarding his first argument, as the Court explained in the order denying the habeas petition, the record demonstrates that the prosecution presented sufficient evidence of first-degree murder. Likewise, regarding Petitioner's second argument, as previously noted Petitioner's medical records were not newly-discovered, do not establish his actual innocence, and do not justify habeas relief. The same is true for the supplemental medical records attached to the present motion. As to Petitioner's challenge to appellate counsel's performance, as the Court previously noted, Petitioner procedurally defaulted this argument because he first raised it on collateral review. Nonetheless, as the Court explained in the order denying the habeas petition, Petitioner did not demonstrate ineffective assistance of appellate counsel provided cause to excuse the petitioner's default. Appellate counsel presented legitimate issues on direct appeal, including claims concerning the sufficiency of the evidence, the

admission of certain evidence, the conduct of the prosecutor, and the effectiveness of trial counsel. Such issues, although ultimately unsuccessful, were substantial. In sum, no grounds for reconsidering the decision denying habeas relief has been advanced by Petitioner.

Accordingly, it is **ORDERED** that Petitioner's motion to alter or amend the judgment (ECF No. 28) is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: June 27, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Christopher Howard, #468574, at Lakeland Correctional Facility, 141 First Street, Coldwater, MI 49036 by first class U.S. mail on June 27, 2012.

s/Tracy A. Jacobs
TRACY A. JACOBS

---