UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHRISTOPHER HOWARD, #478574,

                Petitioner,

                                        Case Number 1:06-CV-14272
v.                                       Honorable Thomas L. Ludington

KURT JONES,

                Respondent.
_____/

## <u>ORDER DENYING MOTION FOR CERTIFICATE OF APPEALABILITY<br>AND DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS</u>

In 2006, Petitioner Christopher Howard filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state court conviction for first-degree murder, Mich. Comp. Laws § 750.316(a). Following his conviction, Petitioner was sentenced to life imprisonment without parole. In his petition, Petitioner raised claims concerning the sufficiency of the evidence, the admission of certain evidence, the conduct of the prosecutor, his actual innocence based upon "newly-discovered" medical records, and the effectiveness of his counsel.

On May 31, 2012, the Court denied the petition. The Court concluded that one of Petitioner's claims was procedurally defaulted and the remainder of the claims lacked merit. The Court also denied a certificate of appealability and denied leave to proceed in forma pauperis on appeal.

Petitioner timely moved to alter or amend the judgment brought pursuant to Federal Rule of Civil Procedure 59(e). ECF No. 28. On June 27, 2012, the Court denied the motion.

On July 15, 2012, Petitioner filed a motion for a certificate of appealability (ECF No. 33) and for leave to proceed in forma pauperis on appeal (ECF No. 32). Requesting that the Court issue a

certificate of appealability, Petitioner first enumerates the arguments raised in his habeas petition. He then asserts: "While this Court has denied all the claims above the reason [Petitioner] believes a Certificate of Appealability should be issued is that jurist of reason would find theme [sic] debatable whether they are valid claims of denial of constitutional rights."  Petitioner does not elaborate on why he is entitled to the relief requested.

Substantively, Petitioner is moving for reconsideration of the Court's prior decision denying a certificate of appealability and leave to proceed in forma pauperis on appeal.  Local Rule 7.1 provides that as a general matter "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case."  E.D. Mich. L.R. 7.1(h)(3); *see Czajkowski v. Tindall & Assoc., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997).  Here, Petitioner's conclusory assertion that he "believes a Certificate of Appealability should be issued is that jurist of reason would find [Petitioner's prior arguments] debatable" does not demonstrate a palpable defect in the Court's prior decision.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000).  "A petitioner satisfies this standard by demonstrating that . . .  jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

As this Court previously explained in its order denying the petition for a writ of habeas

corpus, and reiterated in its order denying the motion for relief from former judgment, Petitioner has not made a substantial showing of the denial of a constitutional right.  Regarding the first argument raised in Petitioner's habeas petition, the record demonstrates that the prosecution presented sufficient evidence of first-degree murder.  Regarding the second argument raised in Petitioner's habeas petition, Petitioner's medical records were not newly-discovered, do not establish his actual innocence, and do not justify habeas relief.  Regarding Petitioner's challenge to appellate counsel's performance, as the Court previously noted, Petitioner procedurally defaulted this argument because he first raised it on collateral review.  Nonetheless, as the Court explained in the order denying the habeas petition, Petitioner did not demonstrate ineffective assistance of appellate counsel provided cause to excuse the petitioner's default.  Appellate counsel presented legitimate issues on direct appeal, including claims concerning the sufficiency of the evidence, the admission of certain evidence, the conduct of the prosecutor, and the effectiveness of trial counsel.  Such issues, although ultimately unsuccessful, were substantial.

In sum, a certificate of appealability is not warranted in this case.  Petitioner will also not be granted leave to proceed in forma pauperis on appeal, as any appeal would be frivolous.  *See* Fed. R. App. P. 24(a).

Accordingly, it is **ORDERED** that the motion for a certificate of appealability (ECF No. 33) is **DENIED**.

It is further **ORDERED** that the motion to proceed in forma pauperis on appeal (ECF No. 32) is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: July 30, 2012

-3-

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Christopher Howard, #468574 at Lakeland Correctional Facility, 141 First Street, Coldwater, MI 49036 first class U.S. mail on July 30, 2012.

s/Tracy A. Jacobs
TRACY A. JACOBS